# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BURAK AYKURT,<br><br>Petitioner,<br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | Case No. 1:26-cv-08658-JLT-EGC (HC)<br><br>**FINDINGS AND RECOMMENDATION THAT PETITIONER'S PETITION BE GRANTED**<br><br>(Doc. 10)<br><br><u>FIVE (5) DAY DEADLINE</u> |

Burak Aykurt is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The Court has previously addressed the legal issues raised by the petition. *See*, *e.g.*, *Martinez Hernandez v. Andrews*, No. 1:25-cv-01035 JLT HBK, 2025 WL 2495767 (E.D. Cal. Aug. 28, 2025).

In this case, the parties dispute whether Petitioner followed the terms of supervision. Respondents argue Petitioner violated the terms of his supervision as evidenced by his arrest. (Doc. 8 at 2). On the other hand, Petitioner claims the charges were dismissed after his detention by Immigration and Customs Enforcement ("ICE") and that, more importantly, an arrest is not evidence of a violation of Petitioner's release conditions. (Doc. 10 at 3). The undersigned agrees with Petitioner and finds that "[a]n arrest, standing alone, is not evidence of criminal activity in breach of Petitioner's release conditions." *Singh v. Bondi*, No. C26-0598-SKV, 2026 WL 747104, at *3 (W.D. Wash. Mar. 17, 2026), *see also Basulto v. Warden of Mesa Verde Det. Ctr.*, No. 1:26-CV-01735-JLT-CDB (HC), 2026 WL 1158565, at *11 (E.D. Cal. Apr. 29, 2026), *report and recommendation adopted*, No. 1:26-CV-01735 JLT CDB (HC), 2026 WL 1330661 (E.D. Cal.

May 13, 2026); *Munoz-Flores v. Chestnut*, No. 1:26-cv-01301-KES-HBK (HC), 2026 WL 457124, at *1 (E.D. Cal. Feb. 18, 2026) (noting that the "contention that an arrest, without more, constitutes evidence of criminal activity is without merit" and that respondents failed to show petitioner violated any of his release conditions where he was charged, but not convicted, of driving under the influence after his release on recognizance); *Yon Kervis U. v. Chestnut*, No. 25-CV-2066-KES-SAB-HC, 2026 WL 88983, at *1 (E.D. Cal. Jan. 12, 2026) (quoting *Duncan v. California*, No. S-04-0523 LKK-PAN, 2006 WL 1883385, at *2 (E.D. Cal. July 7, 2006) ("The contention that an arrest, without more, constitutes evidence of criminal activity is without merit.")); *Moises V. A. v. Wofford*, No. 1:25-CV-01419-SKO (HC), 2026 WL 252237, at *2 (E.D. Cal. Jan. 30, 2026) ("Petitioner is presumed innocent until proven guilty and these arrests cannot constitute violations of conditions of release.")

Therefore, in line with the Court's previous cases, the undersigned finds that Petitioner's release on supervision created a strong liberty interest in remaining free of detention. As in those previous cases, *see*, *e.g.*, *Martinez Hernandez*, 2025 WL 2495767; *Basulto v. Warden of Mesa Verde Det. Ctr.*, 2026 WL 1158565, at *11, the undersigned finds that Respondents' deprivation of Petitioner's liberty interest without notice and opportunity to challenge the reasons for detention violated his due process rights.

**RECOMMENDATION**

Accordingly, the Court hereby RECOMMENDS that Respondents be ORDERED to release Petitioner immediately and that Respondents be ENJOINED AND RESTRAINED from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that their physical custody is legally justified. The undersigned further recommends that an exception be made to the injunction in the event an order of removal becomes final.

<u>Notice of Expedited Objections</u>: Given the recommendation to grant the petition in part, a party may file written objections with the Court within five (5) days of service of these Findings and Recommendations. 28 U.S.C. § 636(b)(l); Local Rule 304(b) (permitting court to set a

different time). These Findings and Recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within five (5) days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court and serve a copy on all parties. *Id.* The document should be captioned, “Objections to Magistrate Judge’s Findings and Recommendations” and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court’s judgment.

IT IS SO ORDERED.

Dated: **November 2, 2026**

Erin Sug Castillo

UNITED STATES MAGISTRATE JUDGE