**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BURAK AYKURT,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | No. 1:26-cv-08658 JLT EGC (HC)<br>A-Number: 245-458-954<br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART, GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS TO PROVIDE PETITIONER WITH A NEW BOND HEARING, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br>(Docs. 1, 11) |

Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On November 2, 2026, the magistrate judge issued findings and recommendations that the petition be granted and Respondents be directed to immediately release Petitioner. (Doc. 11.) On November 6, 2026, Respondents filed objections asserting that they objected "[f]or the reasons set forth in Respondents' previous briefing." (Doc. 12 at 1.)

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Respondent's generalized objections, the Court concludes the findings and recommendations are supported by the record and proper analysis in part.

Petitioner, a citizen of Turkey, who has a pending asylum application, was released on an

order of recognizance in November 2023, which included the requirement that he not violate any laws. (Doc. 8, Ex. 2.) Petitioner sustained an arrest for domestic violence just prior to his re-detention by Respondents in mid-August 2026. (Doc. 1, Ex. C; Doc. 8, Ex. 5.) Then, on September 14, 2026, Petitioner was provided a custody redetermination hearing at which the immigration judge denied release, finding him to be a "danger to the community" and alternatively a "significant flight risk." (Doc. 8, Ex. 6.) The record does not appear to contain additional details about the IJ's decision. A few weeks later, on October 6, 2026, the domestic violence charges against Petitioner were dismissed. (Doc. 1-1 at 15–18.)

Under these circumstances, Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment. *See, e.g., Martinez Hernandez v. Andrews*, No. 1:25-cv-01035 JLT HBK, 2025 WL 2495767 (E.D. Cal. Aug. 28, 2025). However, though the charges against Petitioner were ultimately dismissed, they were pending at the time of his re-detention and initial custody redetermination hearing. Therefore, "Respondents may well have [had] a legitimate interest in Petitioner's detention based on information contained in the arrest report. It is for this reason that while release is often appropriate when the Government has failed to provide a pre-deprivation hearing, balancing the equities and the public interests in this case leads the Court to conclude that it is sufficient to provide Petitioner a post-depravation bond hearing." *Singh v. Chestnut*, No. 1:26-cv-00546-DJC-AC, 2026 WL 266021, at *4 (E.D. Cal. Feb. 2, 2026). Notably, a criminal conviction is not required before a releasee may be found to be in violation of the terms of his supervision. *See Ramirez Araujo v. Mesa Verde ICE* Processing Ctr., No. 1:26-CV-07015-JLT-HBK, 2026 WL 3152187, at *2 (E.D. Cal. Oct. 21, 2026)

For these reasons and because the IJ found Petitioner to be a danger and flight risk at a prior custody hearing, albeit prior to the dismissal of the domestic violence charges, the Court finds that the appropriate remedy here is a post-deprivation bond hearing where the government bears the burden of proving that Petitioner poses a danger to the community or flight risk. *See id.*

Thus, the Court **ORDERS**:

1. The findings and recommendations issued on November 2, 2026, (Doc. 11), are **ADOPTED IN PART**.

2. **<u>Within 14 days</u>** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *Id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Petitioner is not provided a bond hearing in this time, Respondents are ordered to immediately release Petitioner from their custody.
3. **<u>At least 72 hours before</u>** the scheduled hearing, Respondents **SHALL** provide Petitioner with written notice of the bond hearing. Such written notice **SHALL** be personally delivered to Petitioner absent exigent circumstances. Petitioner **SHALL** have the right to be represented by counsel at the hearing and **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.
4. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded. **<u>At the bond hearing, the immigration judge SHALL make a factual finding on the record as to whether Petitioner received proper notice pursuant to this Court's order.</u>**
5. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.
6. The Clerk of Court is directed to serve the California City Detention Center with a copy of this Order.

///

7. The Clerk of Court is directed to **CLOSE THE CASE** and terminate all pending motions.

IT IS SO ORDERED.

Dated: November 16, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE